UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**SAFI KALO**,

          Movant,

v.

**OMAR AL-BUNDAK**,

          Respondent.

Miscellaneous Case No. 13-mc-170 (RLW)

**MEMORANDUM OPINION AND ORDER**

**IT IS HEREBY ORDERED THAT** the Joint Motion to Extend Time for Briefing and Continue Hearing (Dkt. No. 6) is **DENIED**. The Court is not available on April 4, and because of the upcoming discovery cutoff in the underlying lawsuit and the press of this Court's other business, the Court is not inclined to delay its consideration of this matter. Based upon what has been submitted thus far, the Court sees no need for a hearing on this matter and believes that the Motion to Quash can be decided on the papers.

The Court has reviewed the Motion to Quash filed by Safi Kalo, as well as the opposition to said motion. At this point, the Court is inclined to deny the motion to quash. Based upon the letter submitted as Exhibit 1 to the Motion to Quash, Mr. Kalo is a director of Oxantium, LLC, and the address of Oxantium is listed as 2600 Virginia Avenue, Suite 512, Washington, DC 20037. It is well settled that "a party who wishes the deposition of a specific officer or agent of a corporation may still obtain it and is not required to allow the corporation to decide for itself whose testimony the other party may have." WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2103 (3d ed.). *See also Operative Plasterers' & Cement Masons' Int'l Assoc. of U.S. and Canada AFL-CIO v. Benjamin*, 144 F.R.D. 87, 90 (N.D. Ind. 1992);

MOORE'S FEDERAL PRACTICE §30.03[2], §30.20[2][iii], §45.03[4] (3d ed. 2012). Thus, Respondent, who is the plaintiff in the underlying lawsuit, is entitled to subpoena Oxantium as a non-party corporate witness, pursuant to Fed. R. Civ. P. 45, and to designate Mr. Kalo as the corporate designee to testify at the deposition pursuant to Fed. R. Civ. P. 30(b)(1). In addition, it appears that the subpoena was properly served upon Oxantium and that Mr. Kalo cannot avail himself of Rule 45(c)(3)(A)(ii) because he is an officer of Oxantium. At this time, the Court expresses no view on any other considerations of Rule 45(c), such as undue burden or expense. Mr. Kalo, if he chooses to reply, should succinctly and directly address the issues discussed in this paragraph.

Of course, because Respondent is employing the procedure and rationale of issuing a subpoena to Oxantium and designating Mr. Kalo as Oxantium's corporate representative, any such deposition of Mr. Kalo would be required to focus solely upon the corporate activities of Oxantium, rather than any other miscellaneous personal and business ventures of Mr. Kalo. Respondent should give this point due consideration as this matter proceeds.

**IT IS THEREFORE ORDERED THAT** counsel for the movant and respondent shall, forthwith, meet and confer and to engage in at least one further substantive conversation, either in person or by telephone, to determine if resolution of the issues raised in the motion to quash can be reached.  The parties shall file a Joint Status Report with the results of such discussion no later than 5:00 pm on March 27, 2013.  If still necessary, the Movant shall file any reply to the motion to quash no later than 5:00 pm on March 29, 2013, and the Court will decide the motion on the papers.

**SO ORDERED.**

Date:  March 25, 2013

　　　　　　　　　　　　　　　　　　　　　　　ROBERT L. WILKINS
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge